**BICKERTON LEE DANG & SULLIVAN**
JAMES J. BICKERTON            3085
STANLEY H. ROEHRIG            664
745 Fort Street, Suite 801
Honolulu, Hawai'i  96813
Telephone:  (808) 599-3811
Facsimile:  (808) 533-2467

**PERKIN & FARIA**
JOHN F. PERKIN               1673
BRANDEE J.K. FARIA           6970
Topa Financial Center
700 Bishop Street, Suite 1111
Honolulu, Hawai'i  96813
Telephone:  (808) 599-3811
Facsimile:  (808) 697-5302

**AFFINITY LAW GROUP**
VAN-ALAN H. SHIMA            8176
1188 Bishop Street, Suite 3408
Honolulu, Hawai'i  96813
Telephone:  (808) 524-4600

Attorneys for Plaintiff
PATRICK LOWTHER, Individually and on
behalf of all other similarly situated

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICK LOWTHER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>U.S. BANK N.A. and DOE | CASE NO. 1:13-cv-00235 LEK-BMK (Class Action)<br><br>**FIRST AMENDED COMPLAINT; EXHIBIT "1"; CERTIFICATE OF SERVICE**<br><br>(Caption continued next page) |

DEFENDANTS 1-50,

               Defendants.

## FIRST AMENDED COMPLAINT

Plaintiff PATRICK LOWTHER, individually and on behalf of all persons similarly situated, for complaint against Defendants U.S. BANK N.A. (**"U.S. BANK"**), and DOE DEFENDANTS 1-50 (collectively, **"Defendants"**), alleges as follows:

## JURISDICTION AND VENUE

1.    This action has been removed by Defendant U.S. BANK under the Class Action Fairness Act and Plaintiff did not seek remand.

2.    Venue is proper in this District because Defendant U.S. BANK is subject to personal jurisdiction here and regularly conducts business in this State, and because all or a substantial part of the transactions, events, occurrences or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

3.    Plaintiff PATRICK LOWTHER (**"Plaintiff Lowther"**) was, at the times complained of herein, resident of and domiciled in the State of Hawaii.

4.    Defendant U.S. BANK is and was at all material times herein a national banking association with its principal place of business and main office located in Cincinnati, Ohio.  U.S. BANK is sued (a) in its individual capacity and

(b) in any and all other capacities in which it acted wrongfully with respect to the Class as a whole or benefited from the Class as a whole.

5.   Doe Defendants 1-50 are persons, partnerships, associations, companies, corporations, or entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff or his attorneys, except that Doe Defendants 1-50 were and/or are connected in some manner with the named Defendants and/or were the agents, principals, parents, subsidiaries, servants, employees, representatives, co-venturers, associates, consultants, owners, lessees, lessors, guarantors, assignees, assignors, licensees and/or licensors of Defendant U.S. BANK, and were or are in some manner presently unknown to the Plaintiff or his attorneys, engaged or involved in the activities alleged herein or responsible for the activities of which Plaintiff complain, or should be subject to the relief Plaintiff seek.  Plaintiff prays for leave to certify the true names, identities, capacities, activities and/or responsibilities of Doe Defendants 1-50 when, through further discovery in this case, the same are ascertained.  Plaintiff through his counsel has made a good faith effort to identify said Doe Defendants prior to filing the Complaint, including interviewing witnesses and reviewing documents and records on file with the Department of Commerce and Consumer Affairs, the State of Hawaii Bureau of Conveyances, the City & County of Honolulu and the Circuit Court of the First Circuit.

## CLASS ACTION ALLEGATIONS

6.    Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Hawaii Rules of Civil Procedure (**"HRCP"**) Rule 23.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of HRCP Rule 23.

7.    This case arises out of mortgage loans originally made by Home 123 Corporation (**"Home 123"**) and New Century Mortgage Corporation (**"New Century"**).  Plaintiff brings this case as a class action pursuant to HRCP Rule 23, on behalf of himself and all others who are similarly situated consisting of:

All owners of Hawaii real property who were subjected to the commencement of non-judicial foreclosure proceedings under HRS Chapter 667, and with respect to said property:

(a)    Prior to or in connection with the foreclosure recorded at the Bureau of Conveyances, State of Hawaii, U.S. BANK was the assignee of a purported assignment of note and/or mortgage by either Home 123 or New Century, which purported assignment was made after August 1, 2008;

(b)    U.S. BANK purporting to act as a mortgagee caused the sale or transfer of the property by way of an auction sale purportedly

4

conducted pursuant to a non-judicial foreclosure under HRS Chapter 667; and

       (c)    The person or entity purporting to execute the purported assignment as assignor lacked any signed authorization or power from the Trustee in Liquidation of New Century or Home 123 authorizing either the assignment and/or the foreclosure.

This group is hereinafter referred to as "**the Class**."  The class consists of the owners of approximately 50 properties.

    8.   Excluded from the Class are:  (a) Defendant U.S. BANK, its subsidiaries, affiliates, officers, and directors, and any entity in which U.S. BANK has a controlling interest; (b) all persons who make a timely election to be excluded; (c) governmental entities; and (d) all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

    9.   Since August 1, 2008, more than forty (40) but fewer than fifty-five (55) Hawaii properties were subjected to non-judicial foreclosure proceedings by U.S. BANK using a purported power of sale and purported "assignments" from either Home 123 or New Century dated after August 1, 2008.  These "assignments" were made by Home 123 or New Century long after they had already assigned all of their right title and interest in the notes and mortgages of Plaintiff and the Class to third persons other than U.S. Bank, and hence New

Century and Home 123 had nothing to assign in 2008, 2009 and thereafter when they purported to make the "assignments" at issue herein.   Even if New Century and Home 123 retained any interest in the notes and mortgages after 2007, New Century had no separate legal existence or power to assign anything after August 1, 2008 by virtue of its liquidation in bankruptcy court.   Hence, U.S. BANK illegally participated as a purported "assignee" of mortgages after August 1, 2008, without liquidation trustee approval.   U.S. BANK knew or should have known that (a) New Century and Home 123 no longer held any interest in the notes and mortgages and therefore could not assign anything to U.S. BANK, and (b) its conduct was a violation of bankruptcy law and therefore void *ab initio*, but did it anyway, taking its chances that it would not get caught.   It has therefore knowingly engaged in conduct that renders each of said assignments a nullity and an unfair and deceptive practice under HRS Chapter 480.   It has both unclean hands, and it is a tortfeasor that should not be allowed to invoke the court's power, if any, to relieve it of the consequences of its willful misconduct.

10.   The members of the Class are sufficiently numerous that joinder of all members in a single action is impracticable.   Nearly all of the members of the Class resided in the State of Hawaii at the time their properties were wrongfully foreclosed, and at least 67% reside in and are domiciled in the State of Hawaii presently.

11.   A class action is appropriate in this case for one or more of the

following reasons:

(a)   The prosecution of separate actions by individual members of

the Class would create a risk of adjudications with respect to

individual members of the Class which would, as a practical

matter, be dispositive of the interests of the other members not

parties to the adjudications or would substantially impair or

impede their ability to protect their interests.  A class action is

superior to other available methods for the fair and efficient

adjudication of this controversy since joinder of all members is

impracticable.  Furthermore, the amount at stake for many of

the Class members, while not insignificant, is not great enough

to enable each of them to maintain separate suits against

Defendant U.S. BANK, one of the largest corporations in the

world.

(b)   Defendants have acted on grounds generally applicable to the

Class, making appropriate declaratory relief with respect to the

Class as a whole as set forth below.

12.   Common questions of law and fact exist as to all members of the

Class and predominate over any questions solely affecting individual members of

the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Among the questions of law and fact common to the named Plaintiff and the Class are, *inter alia:*

(a)     Whether New Century or Home 123 made assignments of the notes and mortgages of Plaintiff and the Class members to persons or entities other than U.S. Bank years before purporting to assign same to U.S. Bank, thereby divesting themselves of any interest in the notes and mortgages in the year the loans were made, such that they lacked any right, ability, authority or power to assign any interest therein to U.S. BANK.

(b)     Whether U.S. BANK knew or should have known that the liquidation trustee in bankruptcy had sole authority to make any assignment of any interest in the notes and mortgages that Home 123 or New Century Mortgage Company's might claim after August 1, 2008, and whether U.S. BANK illegally participated in such assignments after August 1, 2008 without trustee approval;

(c)     Whether U.S. BANK knew its conduct was a violation of bankruptcy law but did it anyway;

(d)     Whether U.S. BANK knowingly engaged in conduct which rendered the assignments a nullity and an unfair and deceptive practice under HRS Chapter 480;

(e)     Whether U.S. BANK has both unclean hands and is a tortfeasor that should not be allowed to invoke the court's jurisdiction or powers to relieve it of the consequences of its willful misconduct;

(f)     Whether U.S. BANK, by reason of the above, had a legal right to foreclose on class members;

(g)     Whether U.S. BANK's above-described conduct constitutes wrongful foreclosure;

(h)     Whether U.S. BANK's above-described conduct is unfair and deceptive within the meaning of HRS §480-2;

(i)     The nature and extent of class-wide injuries and the measure of damages for the injuries.

13.   Plaintiff's claims are typical of the claims of other Class members, in that his claims arise out of the same wrongful foreclosure policies and practices repeatedly and routinely performed by the U.S. BANK in connection with Home 123 and New Century notes and mortgages.  Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class member.

14.   Plaintiff is committed to the vigorous prosecution of this action. Plaintiff knows of no conflicts of interest among members of the Class.

15. Plaintiff has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers in this jurisdiction. The Class will therefore be represented by counsel who can adequately represent the interests of the entire Class.

16. Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

17. Class action treatment is superior to the alternatives for the fair and efficient adjunction of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single action simultaneously, efficiently, and without duplication of the expenses that numerous individual actions would entail. No difficulties are likely to arise in the management of this class action that will preclude its purpose as a class action, and no superior alternatives exist for the fair and efficient adjunction of this controversy. Without a class action, U.S. BANK will likely retain the benefit of its wrongdoing and may continue the course of its actions, which could result in further damages.

18. Databases are maintained by U.S. BANK or its agents which include foreclosure victims' names and addresses and the dates on which U.S. BANK carried out its foreclosure proceedings. Other databases maintained by government entities reflect the commencement and conclusion of foreclosure

proceedings, and the sale of the properties in question.  Thus, records are readily available for purposes of identifying all members of the Class and providing notice of the instant class action to all Class members and determining the nature and size of each member's claim.

## **ALLEGATIONS OF WRONGDOING AND DAMAGE**

19.   Plaintiff Patrick Lowther was the owner of real property located at 74-5058 Huaala Street, Kailua-Kona, Hawaii  (**"Plaintiff Lowther's Property"**).

20.   The above-described property previously owned by Plaintiff and the properties previously owned by the Class members and foreclosed by U.S. BANK shall collectively be referred to herein as the **"Properties."**

21.   Plaintiff Lowther's Property was mortgaged as security for a loan from New Century in the amount of $460,000.  The Mortgage reflecting this indebtedness and security was executed by Plaintiff Lowther on or about July 13, 2006 and was thereafter recorded in the Hawaii Bureau of Conveyances by or on behalf of New Century on or about July 25, 2006 as Document No.  2006-135170.

22.   Home 123 and New Century were subsidiaries or divisions of New Century Financial Corporation, subsequently known as New Century TRS Holdings, Inc., and were engaged in lending to sub-prime borrowers in the State of Hawaii.

23.   On or about April 2, 2007, New Century TRS Holdings, Inc., together with its affiliates, New Century Mortgage Corporation and Home 123 Corporation, filed bankruptcy proceedings in Delaware.  A trustee in liquidation (**"the Trustee"**) was appointed by the bankruptcy court by order effective August 1, 2008.

24.   When Plaintiff Lowther's note and mortgage were first made in 2006, New Century promptly assigned all of its right, title and interest both the note and the mortgage to NC Capital Capital Corporation .  In that same year, NC Capital Capital Corporation in turn assigned all of its right, title and interest in both the note and the mortgage to UBS Real Estate Securities Inc.  By virtue of these facts, after 2006 New Century no longer had any right, title or interest in the Lowther note or the Lowther mortgage and thus had nothing to assign to U.S. BANK or anyone else after 2006.

25.   Similar conduct by New Century or Home 123 took place with respect to each of the other members of the Class whereby, in the year the loan originated, New Century or Home 123 as the case may be assigned all of its right, title and interest in the Class member's note and mortgage to a third entity other than U.S. BANK, which assignee in turn assigned all of its right, title and interest in the note and mortgage to yet another third entity within that first year of the note and mortgage's existence.

26.   By virtue of the foregoing facts, New Century and Home 123 had no interest in the notes and mortgages of Plaintiff and the Class to assign after 2007 and any assignment after 2007 was without authority, null and void because a person cannot assign that which he has already assigned to someone else.

27.   Furthermore, the extent that New Century or Home 123 retained any vestigial or other interest in the notes and mortgages after 2007, from and after August 1, 2008, it could not act with respect thereto because the companies had been liquidated by order of the bankruptcy court and had no separate independent legal existence or capacity to act on their own.  No person or entity other than the Trustee had any power to transfer, assign, convey or otherwise dispose of any asset, title or interest, legal or equitable, of Home 123 or New Century.

28.   The Trustee never authorized the execution of any assignment in the name of New Century or Home 123 as assignee with respect to the Lowther note or mortgage or the note and mortgage of any other member of the Class.

29.   Any purported assignment on or after August 1, 2008 of any interest in any note and/or mortgage purportedly made on behalf of Home 123 or New Century was therefore made without authority and was null and void *ab initio*, and in violation of bankruptcy laws.

30.   On or prior to February 18, 2009, U.S. BANK caused an "assignment" of the Mortgage on Plaintiff Lowther's Property, "together with the

note(s)" relating thereto, to be prepared by its agents.  The assignment purported

to be from New Century to U.S. BANK and was signed purportedly on behalf of

New Century by a person who was in fact an agent of U.S. BANK and who

claimed to be authorized to sign on behalf of New Century.  That claim was false

because the Trustee had not authorized the assignment nor had he given any

authority to the person to sign on behalf of the liquidated entity known as "New

Century."   A true and correct copy of said "Assignment of Mortgage" for

Plaintiff Lowther's Property (Doc. No. 2009 -027272) is attached hereto as

**Exhibit "1."**

31.   At the time of the aforesaid assignment, New Century had long before

divested itself of all right, title and interest in the note and mortgage by assigning

it to someone else in 2006.  Thus, in addition to purporting to act after its

liquidation and without the required authority of the Trustee, New Century was

purporting to assign, and U.S. BANK was purporting to receive, something that

New Century no longer owned or had the right, power, authority or ability to

assign.

32.   Similar conduct by U.S. BANK regarding such assignments of notes

and mortgages took place with respect to each member of the Class.

33.   At the point in time when it purported to take "assignment" of

Plaintiff's note and mortgage and the notes and mortgages of other members of

the Class from the New Century Lenders, U.S. BANK was familiar with the securitization process through its own active role as Trustee of numerous securitized trusts holding mortgage loans and through that process was familiar with the operations of New Century.  U.S. Bank knew that virtually all loans that had originated from New Century or Home 123 in the 2004-2007 time period had been promptly assigned and conveyed to third parties other than U.S. BANK in that time period and that thereafter New Century and Home 123 did not retain any ownership of the notes and mortgages.

34.  U.S. BANK was also aware of the bankruptcy of New Century and Home 123 and the subsequent liquidation of those entities, which was known to industry insiders such as U.S. BANK.  In particular, U.S. BANK knew that there was no person other than the Trustee who was authorized to transact business on behalf of Home 123 or New Century, and also knew that the persons executing the assignments had no authorization from the Trustee to do so.

35.  Thereafter, U.S. BANK, through its agents, caused the "assignment" of Plaintiff Lowther's note and mortgage to be recorded in the State of Hawaii Bureau of Conveyances on February 24, 2009 as Document No. 2009-027272.

36.  Similar conduct by U.S. BANK took place with respect to the recordation of the assignment of notes and mortgages of the each member of the Class.  All of these recordations of purported assignments of notes and mortgages

took place at the office of the State of Hawaii Bureau of Conveyances, located in Honolulu, in the First Circuit of the State of Hawaii.  Each recordation constituted a criminal act in violation of Hawaii law and the public policy against the issuance and recordation of forged and false written instruments relating to real property.  HRS § 708-852(1) provides in part:

> A person commits the offense of forgery in the second degree if with intent to defraud … falsely makes a written instrument … which purports to … [be an] assignment … affect[ing] a legal right …(.)

37.   The attorney agents through whom U.S. BANK acted purportedly under HRS § 667-5(2008) were all attorneys who prepared the assignment documents in Honolulu, recorded them in Honolulu and issued the Notices of Intention to Foreclose from their offices in Honolulu, such that the wrongful conduct complained of in this case has its primary locus in the City and County of Honolulu, even with respect to members of the Class whose properties were located in other counties of the State of Hawaii.

38.   U.S. BANK thereafter commenced non-judicial foreclosure proceedings against Plaintiff and his Property purportedly pursuant to the law then in effect under HRS Chapter 667 Part I.  After recording the aforesaid "assignment" of Plaintiff Lowther's mortgage, U.S. BANK commenced non-judicial foreclosure proceedings against Plaintiff Lowther and his Property purportedly pursuant to the law then in effect under HRS Chapter 667, Part I

(2008).  That statute permitted a "mortgagee" holding a mortgage containing a "power of sale" to conduct a non-judicial foreclosure outside the supervision and control of the Court.

39.     The note executed by Plaintiff Lowther in favor of New Century did not confer mortgagee status on the payee and did not contain a power of sale that would allow the use of Chapter 667.  As an additional problem for U.S. BANK, although the former problems were sufficient to deprive it of mortgagee status, the note that it purported to hold did not contain a proper endorsement.   In any event, without a formal assignment of the mortgage, U.S. BANK lacked any lawful ability to foreclose non-judicially.  By creating and recording an "assignment" of the mortgage, New Century purported to confer upon U.S. BANK, and U.S. BANK purported to receive, a purported right to use Chapter 667 and obtain foreclosure non-judicially.

40.    Similar conduct by U.S. BANK to that described in the two preceding paragraphs took place with respect to each member of the Class

41.   The auction took place on April 30, 2009.  An auction by U.S. BANK took place with respect to each member of Class.

42.   The foreclosure process for Plaintiff Lowther's foreclosure was completed by the recordation of an "Affidavit of Foreclosure" on May 5, 2009 at the Bureau of Conveyances ("the Affidavit").  Under then-existing law, the

recordation of this document created the "evidence" necessary to show that U.S. BANK had acquired title that it could thereafter sell to third persons.

43.     The Affidavit was publicly recorded on May 5, 2009, within the four year period prior to the filing of the Complaint herein.

44.     The Affidavit attached a new copy of the aforesaid February 2009 assignment, thereby re-filing said assignment in the public record as of May 5, 2009, this time as part of its statutorily-required "evidence" of having lawfully conducted the foreclosure and having thereby acquired title.  This May 5, 2009 use of the assignment constituted a part of the unlawful scheme to effect the foreclosure alleged herein, complete the divestment of Plaintiff's title and thereby cause injury to Plaintiff.   The Affidavit is therefore ***both*** a fraudulent concealment of the scheme as detailed further below ***and*** is in itself part of the unfair or deceptive practice within the meaning of Chapter 480 that Plaintiff has already alleged herein.

45.     The filing of that assignment ***a second time*** on May 5, 2009, attached to a sworn affidavit affirming its legitimacy, constituted a "discrete" unfair and deceptive act that formed part of the scheme alleged and this new May 5, 2009 act took place ***within*** the statute of limitations for which no tolling or "continuing violation" rationale is required to be timely sued upon in this case.  The first filing in February 2009 notified that world falsely that U.S. BANK had been assigned the

18

mortgage, but such recordation was not required by law.  The second filing in May

2009 was part of a separate step (the Affidavit of Foreclosure) that the law *did*

require as a necessary step to complete a non-judicial foreclosure, but the law does

not permit the filing at the Bureau of false and void documents in any event.

46.     The Affidavit constituted a fraudulent concealment of the facts giving

rise to Plaintiff's claim, to wit, the facts that (a) New Century had assigned all of

its interest in the Lowther note and mortgage to someone else in 2006 and had

nothing to assign after that date and (b) to the extent that New Century had

anything to assign after August 1, 2008, it lacked any lawful authority to make

such assignment because there New Century had been liquidated as of that date

and the Trustee had not authorized any such assignment.

47.     The Affidavit concealed the above facts in several ways.  First, it was

made by a licensed Hawaii attorney, under oath and recorded at the Bureau of

Conveyances, thereby lending it an aura of legitimacy and lawfulness that it did

not have.  Second, it attached a copy of the note that purported  to be a copy of the

original note but did not reflect any endorsement, thereby obscuring that the

original note had been negotiated away years before to someone else.  If in fact the

original note was endorsed then the May 5, 2009 filed copy concealing that fact

constitutes a fraudulent concealment of that fact.  Third, the Affidavit attached a

copy of the February 2009 assignment that U.S. BANK knew to be unlawful,

unauthorized and void for the reasons alleged herein, but U.S. BANK represented

it under oath to be a proper assignment in the following language:

The Mortgagee ***is the holder*** of that certain Promissory Note and Mortgage dated July 12, 2006 ("Mortgage"), ***recorded in the Bureau*** of Conveyances of the State of Hawaii as Document No. 2006-135170, ***as assigned to U.S. Bank*** National Association as Trustee under Pooling and Servicing Agreement Dated as of December 1, 2006 MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates Series 2006-HE5, ***by assignment dated February 18, 2009***, recorded as aforesaid as ***Document no. 2009-027272***. ***True and correct*** copies of the foregoing documents are attached as Exhibits "1" (Promissory Note), "2" ("Mortgage") and "3" ***("Assignment of Mortgage").***

(Emphasis added).  The emphasized language actively misled the

public and was the only source from which Plaintiff might reasonably have

derived information about exactly how U.S. BANK claimed to own the note

and mortgage.

48.     The filing of a sworn affidavit attesting to false facts and attaching a

void assignment constitutes  affirmative concealment upon the part of the

defendant which would, under the circumstances alleged in this Complaint --

including the circumstances that the public, Plaintiff and members of the Class are

lay people unfamiliar with the details of the system of mortgage securitization or

the means by which someone might learn the true chain of title of a mortgage and

would reasonably rely on the sworn statements of an attorney filed in a government

agency – lead a reasonable person to believe that he did not have a claim based on

an assignee's lack of ownership of the mortgage or legal authority to assign the mortgage.

49.    Plaintiff had no actual knowledge of the true chain of title of his mortgage or the lack of any ownership of the mortgage or authority to assign it on the part of New Century as of April 30, 2009 when the auction took place. Furthermore, the state of the information reasonably available to him in the public record and elsewhere as of April 30, 2009 was not sufficient to give him constructive notice of those facts or even to give him inquiry notice with respect thereto.

50.    All of these foreclosures involved the use of the unauthorized, improper, void *ab initio*, unfair and deceptive assignment of Home 123 or New Century notes and mortgages after August 1, 2008 to, *inter alia*:

(a)    Purportedly establish U.S. BANK as a mortgagee qualified to use the non-judicial foreclosure procedure;

(b)    Purportedly create an unfair and deceptive "chain of title" in the official state records which would purportedly show U.S. BANK as having the ability to convey title by virtue of the foreclosure;

(c)    Unfairly and deceptively give the published notice of foreclosure sale required by Chapter 667 an appearance of having been published by an entity with the legal right and title to foreclose; and/or

21

(d)     Conceal or obscure defects or the existence of other entities in the chain of title from New Century or Home 123 by which U.S. BANK might otherwise have been required to claim ownership of the notes and/or mortgages of the right to foreclose.

51.     U.S. BANK's knowing use and recordation as aforesaid of null and void "assignments" aided and facilitated the non-judicial foreclosure process for U.S. BANK which otherwise would have been impossible or more difficult or expensive to complete if it had accurately and truthfully described the chain of title of the notes and mortgages.

52.     U.S. BANK's knowing use and recordation as aforesaid of null and void "assignments," which was also unfair and deceptive within the meaning of HRS Chapter 480, was a substantial factor in causing, and a legal cause of, the involuntary foreclosure sale of Plaintiff Lowther's Property and Plaintiff Lowther's resulting loss of title to and possession of his Property (and the foreclosure sales and property loss for each member of the Class).  These actions by U.S. BANK were unlawful and wrongful, were based on unclean hands / tortfeasor conduct against public policy, and constituted unfair and deceptive practices within the meaning of HRS Chapter 480.

53.     As a direct and proximate result of the wrongful acts described above, Plaintiff Lowther and the other members of the Class have been actually harmed

and injured in that they lost possession and occupancy of their real property and homes.  Said properties were subjected to sale through the non-judicial foreclosure process and said sales occurred at below-market prices because of the "distress sale" nature of the transaction.

54.     Plaintiff Lowther's Property and the Properties of the other members of the Class were encumbered by mortgages and, in the cases of some members, the amount of mortgage debt exceeded the fair market value of the Property, but Plaintiff and each member of the class nevertheless suffered a financial loss as a result of the wrongful foreclosures by U.S. Bank described herein.  As a direct and proximate result of the wrongful acts described above, Plaintiff Lowther lost personal funds he invested in his Property (other than the funds borrowed from New Century or Home 123) and has lost the use of his Property, which is measured by rental value rather than sale value.  The combined value of these losses is presently unknown but, when trebled as Plaintiff alleges is required by HRS Chapter 480, exceeds any minimum jurisdictional limit of this Hawaii Circuit Court and the minimum sum required for a jury trial in this court.  All other members of the Class were similarly injured.

55.     By virtue of the foregoing, Defendant U.S. BANK and the Doe Defendants are liable to Plaintiff and all members of the Class for wrongful foreclosure, unclean hands/tortfeasor conduct against public policy, and unfair and

deceptive practices under HRS Chapter 480.  Plaintiff and the other members of

the Class are entitled to recover their economic losses sustained as a result of the

above-described wrongful and/or unlawful conduct in amounts to be proved at

trial.

56.     Plaintiff is, and at all relevant times was, a "consumer" within the

meaning of HRS § 480-1 because he borrowed money and secured that loan with a

mortgage on a residence, paid money under that note and mortgage and thereby

made an investment in real property for personal purposes.  By virtue of HRS §

480-13, Plaintiff and those other members of the Class who are also "consumers"

within the meaning of HRS Chapter 480 are entitled to recover treble damages.

57.     The conduct of U.S. BANK in knowingly using null and void *ab initio*

assignments were knowing, willful, wanton, reckless and /or grossly negligent.  It

further demonstrates a conscious disregard for the rights of others.  Plaintiff and

the other members of the Class are therefore entitled to an award of punitive

damages in amounts to be proved at trial that are sufficient to adequately punish

U.S. BANK given its financial condition and to deter it from such conduct in the

future.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lowther, individually and on behalf of all those similarly situated, prays for judgment against all Defendants, jointly and severally, as follows:

(1)     For damages against the Defendants in an amount to be determined at trial;

(2)     For reimbursement of costs and expenses, including reasonable provision for attorneys' fees in accordance with HRS Chapter 480, which attorneys' fees are presently less than $3,000 but which are expected increase as this matter is prosecuted;

(3)     For prejudgment interest;

(4)     For treble damages as provided by law;

(5)     For punitive damages;

(6)     For declaratory relief declaring the purported post-August 1, 2008 assignments from the New Century Lenders to U.S. BANK to be null and void and without legal effect; resulting from unclean hands/tortfeasor conduct against public policy and constituting an unfair and deceptive practice under the meaning of HRS Chapter 480, therefore affording U.S. BANK with no judicial relief for its prior conduct as a matter of public policy.

(7)     For equitable and injunctive relief (a) imposing a constructive trust on all property and monies obtained by U.S. BANK by use of post-August 1, 2008 assignments from Home 123 or New Century and (b) restraining and enjoining U.S. BANK from using, asserting or relying on any assignment from New Century or Home 123 executed after August 1, 2008 that is not executed by or with the express authorization of the Trustee in bankruptcy of the New Century entities.

(8)     For such further and additional relief as the Court deems appropriate and just.

DATED:     Honolulu, Hawaiʻi, December 31, 2013.

*/s/ James J. Bickerton*
JAMES J. BICKERTON
JOHN F. PERKIN
STANLEY H. ROEHRIG
BRANDEE J.K. FARIA
VAN-ALAN H. SHIMA

Attorneys for Plaintiff
PATRICK LOWTHER,
Individually and on behalf of
all others similarly situated

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICK LOWTHER, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   vs.<br><br>U.S. BANK N.A. and DOE DEFENDANTS 1-50,<br><br>          Defendants. | CASE NO. 1:13-cv-00235 LEK-BMK (Class Action)<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2013, by methods of service noted below, a true and correct copy fo the foregoing document was served on the following at their last known address:

### Served Electronically through CM/ECF

PAUL ALSTON, ESQ.                    palston@ahfi.com
J. BLAINE ROGERS, ESQ.               brogers@ahfi.com
Alston Hunt Floyd & Ing
1001 Bishop St., 18th Fl.
Honolulu, HI 96813

Attorneys for Defendant,
U.S. BANK N.A.

     DATED: Honolulu, Hawaiʻi, December 31, 2013.


          */s/ James J. Bickerton*
          JAMES J. BICKERTON
          JOHN F. PERKIN
          STANLEY H. ROEHRIG
          BRANDEE J.K. FARIA
          VAN-ALAN H. SHIMA

          Attorneys for Plaintiff
          PATRICK LOWTHER,
          Individually and on behalf of
          all others similarly situated