IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK LOWTHER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>U.S. BANK N.A. and DOE DEFENDANTS 1-50,<br><br>      Defendants. | CIVIL NO. 13-00235 LEK-BMK |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED ON DECEMBER 31, 2013 [DOC. NO. 36]**

Before the Court is "Defendant U.S. Bank National Association as Trustee under Pooling and Servicing Agreement Dated as of December 1, 2006 MSTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates Series 2006-HE5's Motion to Dismiss First Amended Complaint Filed on December 31, 2013 [Doc. No. 36]" ("Motion"), filed on March 13, 2014.[1] [Dkt. no. 40.] Plaintiff Patrick Lowther ("Plaintiff") filed his memorandum in opposition on April 28, 2014, and Defendant filed its reply on May 5, 2014. [Dkt. nos. 44, 46.] This matter came on for hearing on May 19, 2014. After careful consideration of

---

[1] Plaintiff named U.S. Bank N.A. as defendant in his First Amended Complaint. While U.S. Bank takes issue with Plaintiff having named the bank in its individual capacity, rather than as trustee of the pooling and servicing agreement ("the PSA"), that distinction is immaterial for the purposes of this Order, and thus the Court refers to U.S. Bank throughout as "Defendant."

the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

On April 4, 2013, Plaintiff filed this purported class action against Defendant for wrongful mortgage assignment and foreclosure practices in state court, alleging: unfair or deceptive acts or practices ("UDAP") in violation of Haw. Rev. Stat. § 480-2 ("Count I"); wrongful foreclosure ("Count II"); intentional interference with prospective economic advantage ("Count III"); and trespass ("Count IV"). [Notice of Removal, filed 5/14/13 (dkt. no. 1), Exh. 1 ("Complaint")[2].] Plaintiff alleges that Defendant fraudulently assigned itself Plaintiff's mortgage from the original lender, New Century Mortgage Corporation ("New Century"), at a time when New Century was in bankruptcy and had no power of assignment ("the Assignment") and, subsequently, wrongfully foreclosed on Plaintiff's property ("the Property").

On May 14, 2013, Defendant removed the action to this district court. [Dkt. no. 1.] On September 4, 2013, this Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Complaint Filed on April 4, 2013 ("9/4/13

---

[2] This case is a putative class action, but no class has been certified to date.

Order"). [Dkt. no. 22.³] In the 9/4/13 Order, the Court dismissed Count I on statute of limitations grounds, finding that the UDAP claim accrued at the time of the Assignment, February 18, 2009, more than four years before Plaintiff filed the Complaint. 917 F. Supp. 2d at 1008. It rejected Plaintiff's continuing violation argument that all acts, including the actual foreclosure sale, were part of a single scheme, id. at 1009-10, but dismissed Count I without prejudice, "to the extent that Plaintiff could arguably cure the defects by alleging facts to support application of the equitable tolling doctrine of fraudulent concealment[.]" Id. at 1017.

The Court also dismissed Count II without prejudice, concluding that, to prevail on a wrongful foreclosure claim under Hawai`i law, Plaintiff must allege that Defendant failed to comply with a requirement under Haw. Rev. Stat. Chapter 667 or "that the foreclosure is invalid because the entity assigning the Mortgage and Note 'did not exist or otherwise lacked standing to assign the loans[.]'" Id. at 1012 (alteration in 9/4/13 Order) (quoting Niutupuivaha v. Wells Fargo Bank, N.A., Civil No. 13-00172 LEK–KSC, 2013 WL 3819600, at *9 (D. Hawai`i July 22, 2013)). Finally, the Court dismissed with prejudice Count III and Count IV. Id. at 1015-17.

---

³ The 9/4/13 Order sets forth additional relevant factual and procedural background in this case, and is also available at 971 F. Supp. 2d 989.

**I. Amended Complaint**

On December 31, 2013, Plaintiff filed his First Amended Complaint ("Amended Complaint"). [Dkt. no. 36.] The allegations are, for the most part, identical to those in the original Complaint, and set forth in the 9/4/13 Order. The Court here summarizes the new allegations.

Plaintiff now alleges that, upon executing Plaintiff's promissory note ("Note") and mortgage ("Mortgage") in 2006, New Century assigned its interest to NC Capital Corporation, and then NC Capital assigned its interest to UBS Real Estate Securities Inc. [Id. at ¶¶ 24, 31.] He also alleges that New Century's bankruptcy trustee was the only one with the power to assign New Century's assets after August 2008, and the trustee did not make such an assignment. [Id. at ¶¶ 28-30.] Thus, Plaintiff alleges that, before entering bankruptcy, New Century assigned all of its "right title and interest in the notes and mortgages of Plaintiff and the Class to third persons other than" Defendant and, even if it had retained any interest, "New Century had no separate legal existence or power to assign anything after August 1, 2008 by virtue of its liquidation in bankruptcy court." [Id. at ¶ 9.] Further, Plaintiff alleges that Defendant knew that it was New Century's practice to immediately assign its mortgages, and that New Century's assets had been liquidated by August 2008. [Id. at ¶¶ 33-34.] In addition, Plaintiff alleges that Defendant's non-

4

judicial foreclosure was wrongful insofar as Plaintiff's Note did not "confer mortgagee status on the payee and did not contain a power of sale that would allow the use of [Haw. Rev. Stat.] Chapter 667" and that the Note was not properly endorsed. [Id. at ¶ 39.]

Finally, with regard to fraudulent concealment, Plaintiff now alleges that Defendant completed the foreclosure by recordation of the Affidavit of Foreclosure ("Affidavit"), to which it attached the Assignment, on May 5, 2009 at the Bureau of Conveyances. [Id. at ¶¶ 42-44.] Plaintiff argues that the Affidavit "is therefore **both** a fraudulent concealment of the scheme . . . **and** is in itself part of the unfair or deceptive practice within the meaning of Chapter 480[.]" [Id. at ¶ 44 (emphases in original).] Plaintiff claims that the second filing of the Assignment was required by law and thus part of Defendant's scheme for statute of limitations purposes. [Id. at ¶ 45.]

Plaintiff alleges that the Affidavit concealed that the Assignment was fraudulent because: (1) it was made under oath; (2) it attached the Note, thus claiming there had been no other assignment of the Note; and (3) it attached the Assignment claiming that New Century was the holder of the Note, when Defendant knew this was not true. [Id. at ¶¶ 46-47.] Plaintiff alleges that the May 5, 2009 public recordation fraudulently

5

concealed the UDAP violation because lay people would reasonably rely on the contents of the filing and have no basis to know that the Assignment was deceptive. [Id. at ¶ 48.] Plaintiff had neither actual nor constructive notice as of April 30, 2009 of Defendant's fraudulent acts. [Id. at ¶ 49.]

## II. Lizza v. Deutsche Bank

On February 27, 2014, this district court dismissed a similar putative class action in Lizza v. Deutsche Bank National Trust Co., Civ. No. 13-00190 HG-BMK, 2014 WL 794752 (D. Hawai`i Feb. 27, 2014), alleging that Deutsche Bank wrongfully foreclosed after a fraudulent assignment from New Century.[4]

In addition to dismissing with prejudice the plaintiffs' intentional interference and "unclean hands/tortfeasor" claims, the district court in Lizza dismissed with prejudice the plaintiffs' wrongful foreclosure claims. The district court concluded that: (1) under both the plaintiffs' mortgages and Hawai`i law, to judicially foreclose, Deutsche Bank was "not required to first record the assignments or establish the chain of assignments by which [the trusts] received the mortgages;" [2014 WL 794752, at *7;] (2) since the assignments were voidable, rather than void, the plaintiffs did not have standing to challenge them; [id., at *7-10;] and (3) Haw. Rev. Stat. Chapter 667 did not require Deutsche Bank to inform the

---

[4] Plaintiff's counsel represent the plaintiffs in Lizza.

plaintiffs of all assignments of their mortgages [id. at *10-12].

The district court also dismissed the plaintiffs' UDAP claim insofar as it was based on the same allegations as the wrongful foreclosure claim, and thus had been found not to be unfair or deceptive. Id. at *13-14. The dismissal of the UDAP claim was without prejudice because the district court found that amendment might not be futile if the allegations were made with more specificity. Id. at *14.

## DISCUSSION

### I. UDAP

Plaintiff argues that the Court should reverse its findings from the 9/4/13 Order that Count I accrued for statute of limitations purposes on February 18, 2009, and that the violation did not continue from the Assignment through the foreclosure on the Property. The Court here reaffirms those findings. The occurrence rule applies to UDAP claims, and Plaintiff's UDAP claim focuses on the Assignment, which occurred on February 18, 2009, more than four years before Plaintiff filed the original Complaint. Therefore, Plaintiff's UDAP claim is time-barred unless tolling applies. See 9/4/13 Order, 971 F. Supp. 2d at 1008 (citing cases that found accrual occurred for UDAP claims at the time of the loan transaction, not at the time of the threatened or actual foreclosure sale).

7

Further, even with the additional allegations regarding publication of the Affidavit, see Amended Complaint at ¶¶ 42-49, Plaintiff still alleges discrete acts that do not amount to a continuing violation.  See 9/4/13 Order, 971 F. Supp. 2d at 1009-10 (applying Au v. Republic State Mortgage Co., Civil No. 11-00251 JMS/KSC, 2013 WL 1339738 (D. Hawai`i Mar. 29, 2013) and Joseph v. J.J. Mac Intyre Cos., LLC, 281 F. Supp. 2d 1156 (N.D. Cal. 2003), and finding no continuing violation).

The 9/4/13 Order permitted Plaintiff to amend his Complaint to allege facts regarding fraudulent concealment.  Id. at 1010.  Plaintiff added details regarding Defendant's publication of the Affidavit.  These allegations, however, do not support a finding of fraudulent concealment.  In the 9/4/13 Order, the Court discussed the pleading standard for fraudulent concealment:

> In Rundgren [v. Bank of New York Mellon, 2013 WL 3072408 (D. Hawai`i June 18, 2013)], this district court stated:
>
>> To invoke this doctrine, a plaintiff must plead facts showing affirmative concealment by the defendant:
>>
>>> To avoid the bar of limitation by invoking the concept of fraudulent concealment, the plaintiff must allege facts showing affirmative concealment upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief.  Silence or passive conduct of the defendant is not deemed fraudulent,

8

> > unless the relationship of the parties
> > imposes a duty upon the defendant to
> > make disclosure.
>
> Id. at *4-5 (citations omitted). The court
> further stated:
>
> > Thus, to carry "the burden of pleading and
> > proving fraudulent concealment[, the
> > plaintiff] must plead facts showing that [the
> > defendant] affirmatively misled [the
> > plaintiff], and that [the plaintiff] had
> > neither actual nor constructive knowledge of
> > the facts giving rise to its claim despite
> > its diligence in trying to uncover those
> > facts." . . . A plaintiff has constructive
> > knowledge if it "should have been alerted to
> > facts that, following duly diligent inquiry,
> > could have advised it of its claim."

971 F. Supp. 2d at 1010 (some alterations in 9/4/13 Order) (some citations omitted). Thus, the Court required Plaintiff to allege that Defendant affirmatively misled Plaintiff **and** that Plaintiff did not have constructive or actual knowledge of the facts giving rise to the claim.

Plaintiff's central allegation in the Amended Complaint is that Defendant caused an assignment from New Century to itself after New Century was already in bankruptcy. The Affidavit does nothing to conceal facts relevant to this claim. As Defendant argues, "Plaintiff cannot credibly allege that he was affirmatively misled by the Affidavit where, in fact, it informed him (again) that [Defendant], not New Century, was the holder of his Note and Mortgage." [Mem. in Supp. of Motion at 20.] Defendant explains that, "Exhibit '4' to the Affidavit is a

9

September 24, 2008 Notice of Default from HomEq Servicing, addressed to Plaintiff, which identifies the 'current creditor/owner' of the account as **'U.S. Bank National Association**'." [Id. (emphasis in original)]

The Court finds this reasoning persuasive. Plaintiff was on notice for his claim from the time he was aware or should have been aware that Defendant purported to hold the Mortgage. The Affidavit shows Plaintiff had at least constructive knowledge as early as September 24, 2008. Plaintiff cannot use a document that clearly shows he already had notice of Defendant's ownership claim to the Mortgage to argue that the document fraudulently concealed that very fact from him. Since the Court finds that Plaintiff had at least constructive knowledge that Defendant claimed it held the Mortgage as early as September 24, 2008, it does not reach the question of whether Defendant affirmatively misled Plaintiff. The Court finds that Plaintiff has failed to allege facts sufficient to plead fraudulent concealment, and thus the four-year statute of limitations bars Count I.

Based on the allegations of the Amended Complaint and in light of the fact that Plaintiff has already had the opportunity to cure the defects in this claim, this Court finds that further amendment of Count I would be futile. See Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004) ("denial of leave to amend is

appropriate if the amendment would be futile") (internal quotations and citations omitted)). Defendant's Motion is GRANTED as to Count I, and Count I is DISMISSED WITH PREJUDICE.

## II. Wrongful Foreclosure

In the 9/4/13 Order, the Court reasoned that, to state a claim for wrongful foreclosure, a plaintiff must allege a violation of the Hawai`i foreclosure statute:

> In Matsumura [v. Bank of Am., N.A., CIV. No. 11-00608 JMS-BMK, 2012 WL 463933 (D. Hawai`i Feb. 10, 2012)], this district court explained that a wrongful foreclosure claim will not lie where the foreclosing party properly provided all required notices.
>
>> Initially, Plaintiffs have not identified any procedural errors in the foreclosure process itself that would make the foreclosure "wrongful." See Doran v. Wells Fargo Bank, 2011 WL 5239738, at *9 (D. Haw. Oct. 31, 2011) (indicating that a "wrongful foreclosure" claim failed under Hawaii law because the notice of foreclosure was procedurally proper under HRS Ch. 667, and "the loan modification process did not invalidate the notice because an oral promise of a future loan modification does not supercede a mortgagee's right to sell"). Moreover, although Hawaii has not specifically recognized a common law wrongful foreclosure cause of action, "[s]ubstantive wrongful foreclosure claims [in other jurisdictions] typically are available after foreclosure and are premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower." Cervantes v. Countrywide Home Loans, 656 F.3d 1034, 1043 (9th Cir. 2011). . . .
>
> 2012 WL 463933, at *3. In the instant case, Plaintiff has not alleged that Defendant failed to

11

>       comply with any of the requirements under Haw.
>       Rev. Stat. Chapter 667.

971 F. Supp. 2d at 1012 (some alterations in 9/4/13 Order).

Plaintiff's Count II in the Amended Complaint fails for the same reason it did in the original Complaint: it does not point to any violation of Haw. Rev. Stat. Chapter 667. Plaintiff argues strenuously that this case is distinguishable from <u>Lizza</u> because in this case the Note was not properly endorsed over to Defendant. [Mem. in Opp. at 10-20.] Plaintiff does not, however, argue that Chapter 667 requires a properly-endorsed note to foreclose. In fact, Hawai`i law holds that proof of possession of a note is **not** required. See <u>Bank of New York Mellon Trust Co., Nat'l Ass'n v. Timosan</u>, No. CAAP-12-0000865, 2014 WL 37886, at *4 (Hawai`i Ct. App. Jan. 6, 2014) ("Hawai`i's former non-judicial foreclosure act does not require a mortgagee to affirmatively prove that it holds the note."); see also <u>Pascual v. Aurora Loan Servs., LLC</u>, Civil No. 10-00759 JMS-KSC, 2012 WL 3583530, at *5 (D. Hawai`i Aug. 20, 2012) ("Hawaii's HRS § 667-5 is just one more example of a state giving lenders a right to commence non-judicial foreclosures based solely upon their status as assignees of a mortgage and without any explicit requirement that they have an interest in the note.").

Plaintiff appears to argue that the note requirement follows from a general fiduciary duty that the mortgagee owes the mortgagor. [<u>Id.</u> at 11-20.] This district court, however, has

12

repeatedly rejected such a heightened duty.  See, e.g., Billete v. Deutsche Bank Nat'l Trust Co., Civil No. 13-00061 LEK-KSC, 2013 WL 2367834, at *11 (D. Hawai`i May 29, 2013) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (alteration in Billete) (citation omitted)); Wood v. Greenberry Fin. Servs., Inc., 907 F. Supp. 2d 1165, 1184 (D. Hawai`i 2012) (same).

This Court also rejects Plaintiff's other arguments regarding chain of title and recordation that were in the original Complaint and that were rejected by the district court in Lizza.  See Lizza, 2014 WL 794752, at *6-7, *10-12.  To foreclose under Chapter 667, Hawai`i law does not require that the mortgagee present a complete chain of title or that it record the assignment by which it received the power to foreclose.  See Bateman v. Countrywide Home Loans, Civil No. 12-00033 SOM/BMK, 2012 WL 5593228, at *3 (D. Hawai`i Nov. 14, 2012) ("this court has never required a lender to go back and establish that every person or entity who assigned a note and mortgage had the power to do so"); Billete v. Deutsche Bank Nat. Trust Co., Civil No. 13-00061 LEK-KSC, 2013 WL 5840105, at *4 (D. Hawai`i Oct. 30, 2013) ("the general practice was not to record such assignments unless the loan is in default").  Thus, Plaintiff still "has not

alleged that Defendant failed to comply with any of the requirements under Haw. Rev. Stat. Chapter 667." See 9/4/13 Order, 971 F. Supp. 2d at 1012.

Other than a specific violation of Chapter 667, the 9/4/13 Order recognized a narrow exception to the general rule that a mortgagee does not have standing to challenge a mortgage assignment, which, if properly pled, would allow Plaintiff to challenge the Assignment. The Court explained,

> In Niutupuivaha [v. Wells Fargo Bank, N.A., Civil No. 12-00172 LEK-KSC, 2013 WL 3819600 (D. Hawai`i July 22, 2013)], the plaintiffs executed a mortgage and note in favor of Countrywide Home Loans, Inc. ("Countrywide"), secured by the plaintiffs' real property. Id. at *1. Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), the purported assignee of the plaintiffs' loans from Countrywide, subsequently foreclosed on the plaintiffs' property. The plaintiffs brought, *inter alia*, a wrongful foreclosure action against Wells Fargo, claiming that, because it obtained the assignment through illegal actions, the assignment was therefore invalid, and Wells Fargo did not have the right to foreclose. Id.
>
> This Court recognized that
>
>> [i]n Nottage [v. Bank of New York Mellon], . . . this district court denied the defendant's motion to dismiss where the complaint asserted that, at the time of the assignment, the assignor no longer existed because it had been acquired by another entity. [Civil No. 12-00418 JMS/BMK,] 2012 WL 5305506, at *4 [(D. Hawai`i Oct. 25, 2012)]. Similarly, in Billete, this Court refused to dismiss the plaintiffs' claim that the assignment, subsequent foreclosure, and ejectment were invalid because the complaint alleged that the execution of the assignment occurred approximately six months after the

14

> > assignor's dissolution. 2013 WL 2367834, at
> > *7.
>
> [Niutupuivaha, 2013 WL 3819600,] at *9. This
> Court concluded that the reasons for denying the
> defendants' motions to dismiss in Billete and
> Nottage were not present in Niutupuivaha. The
> Court therefore dismissed the plaintiffs' claims
> for wrongful foreclosure because the complaint
> failed to allege "any factual allegations to
> support a claim that the entity assigning Wells
> Fargo its interest in Plaintiffs' loans did not
> exist or otherwise lacked standing to assign the
> loans to Wells Fargo." Id.

971 F. Supp. 2d at 1012-13 (some alterations in 9/4/13 Order).

This Court found that Plaintiff had not alleged facts that fell within the exception.

> As in Niutupuivaha, the reasons for the
> denial of the defendants' motions to dismiss in
> Billete and Nottage are also not present in the
> instant case. The Complaint does not contain any
> factual allegations to support a claim that New
> Century, the entity assigning Defendant its
> interest in the Mortgage, did not exist or
> otherwise lacked standing to assign the loans to
> Defendant. The Complaint merely makes
> allegations, based on conclusory statements, that,
> because Defendant forged the Assignment, the
> Assignment and subsequent foreclosure are invalid.

Id. at 1013.

Again, the Amended Complaint does not add any allegations that New Century did not exist or did not have standing to assign the loans. It simply alleges that New Century had already assigned its assets, and that the liquidation trustee was the only person with the power to assign the Mortgage once in bankruptcy. [Amended Complaint at ¶¶ 24, 26-31, 33.] As the

15

district court noted in Lizza, however, if proven, these allegations would make the assignments voidable, not void, and thus do not support mortgagor standing. See Lizza, 2014 WL 794752, at *8 (citing Deutsche Bank Trust Co. v. Beesley, No. 12-00067 SOM, 2012 WL 5383555 (D. Hawai`i Oct. 30, 2012)); see also, e.g., Au v. Republic State Mortg. Co., 948 F. Supp. 2d 1086, 1098 (D. Hawai`i 2013) ("it is established that Plaintiff – as neither a party to, nor a beneficiary of, the PSA – lacks standing to challenge such alleged violations" (citations omitted)). This was so, even though New Century's assets had been liquidated in bankruptcy. See Lizza, 2014 WL 794752, at *8 (discussing Omrazeti v. Aurora Bank FSB, No. 12-00730, 2013 WL 3242520 (W.D. Tex. Jun. 25, 2013); In re New Century TRS Holdings, Inc., 407 B.R. 576, 584 (D. Del. 2009)).

For these reasons, the Court finds that Plaintiff does not meet the exception permitting mortgagor standing to challenge an assignment of its mortgage, to which it was not party. Even if the Assignment was fraudulent, Plaintiff points to no concrete harm he suffered as a result of the Assignment, and thus he does not have standing to challenge the Assignment. See, e.g., Broyles v. Bank of Am., N.A., Civil No. 13-00540 LEK-KSC, 2014 WL 1745097, at *4 (D. Hawai`i Apr. 30, 2014) (finding no standing in "need to know" lawsuit); Klohs v. Wells Fargo Bank, N.A., 901 F. Supp. 2d 1253, 1261 n.4 (D. Hawai`i 2012) (same).

Since the Amended Complaint fails to state a claim for wrongful foreclosure, and in light of the fact that Plaintiff has already had the opportunity to cure the defects in this claim, this Court finds that further amendment of Count II would be futile.  Defendant's Motion is GRANTED as to Count II, and Count II is DISMISSED WITH PREJUDICE.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss First Amended Complaint Filed on December 31, 2013 [Doc. No. 36], filed March 13, 2014, is HEREBY GRANTED.  Plaintiff's First Amended Complaint is HEREBY DISMISSED WITH PREJUDICE.  The Clerk's Office is HEREBY DIRECTED to close this case on June 20, 2014, unless Plaintiff files a motion for reconsideration.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 30, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PATRICK LOWTHER, ET AL. VS. U.S. BANK NATIONAL ASSOCIATION; CIVIL NO. 13-00235 LEK-BMK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED ON DECEMBER 31, 2013 [DOC. NO. 36]**